UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN WOLD,<br><br>        Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>        Defendant. | Case No. SACV 19-01124-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On June 5, 2019, Susan Wold ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and for Supplemental Security Income benefits. (Dkt. 1.) The Commissioner filed an Answer on September 19, 2019. (Dkt. 15.) On March 18, 2020, the parties filed a Joint Stipulation ("JS"). (Dkt. 23.) The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 54 year-old female who applied for Social Security Disability Insurance benefits on June 11, 2015, and Supplemental Security Income benefits on June 19, 2015, alleging disability beginning May 1, 2014. (AR 11.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since May 1, 2014, the alleged onset date. (AR 14.)

Plaintiff's claims were denied initially on September 21, 2015, and on reconsideration on December 15, 2015. (AR 11.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Alan J. Markiewicz on December 14, 2017, in Orange, California. (AR 11.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 11.) Vocational expert ("VE") Joseph H. Torres also appeared and testified at the hearing. (AR 11.)

The ALJ issued an unfavorable decision on February 27, 2018. (AR 11-20.) The Appeals Council denied review on April 9, 2019. (AR 1-4.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ gave proper consideration to Plaintiff's symptom and limitation testimony.
2. Whether the final decision has the support of substantial evidence on the sitting required of telemarketers or the standing/walking required of cashiers.
3. Whether substantial evidence supports the classification of telephone solicitor as past relevant work.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).  Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746.  An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290.  Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746.  If the impairment

3

meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since May 1, 2014, the alleged onset date. (AR 14.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: osteoarthritis; history of internal derangement of the meniscus of the right

4

knee; degenerative disc disease of the lumbar spine; and series of foot deformities, including status/post surgery malunion of the first metatarsal head. (AR 14.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 14.)

The ALJ then found that Plaintiff has the RFC to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b) with the following limitations:

> Claimant can lift and carry 20 pounds occasionally and 10 pounds frequently. She can stand and walk for 4 hours in an 8-hour workday; can sit for 6 hours in an 8-hour workday, but cannot climb ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs and frequently balance. She can occasionally stoop, kneel, crouch and crawl.

(AR 14-18.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely consistent" with the medical evidence and other evidence of record. (AR 15.)

At step four, the ALJ found that Plaintiff is able to perform her past relevant work as a telephone solicitor. (AR 18-19.) The ALJ also found at step five that, considering Claimant's age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the job of cashier movie theater. (AR 19-20.)

Consequently, the ALJ found that Claimant is not disabled within the meaning of the Social Security Act. (AR 20.)

**DISCUSSION**

The ALJ decision must be affirmed. The ALJ properly discounted Plaintiff's subjective symptom allegations. The ALJ's RFC is supported by substantial evidence. The ALJ's determination that Plaintiff could perform her past relevant work or alternative jobs in the national economy is supported by substantial evidence.

## I. THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE

Plaintiff contends that the ALJ erred in discounting Plaintiff's subjective symptom allegations. The Court disagrees.

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.   Analysis**

Plaintiff claims she is unable to work due to bunions and musculosketal issues.  (AR 15.)  She alleges that she is unable to stand for long periods because of pain and swelling in her right ankle, leg, and foot.  (AR 15.)  The ALJ did find that Plaintiff had the medically determinable severe impairments of osteoarthritis, derangement of right knee meniscus, degenerative disc disease of the lumbar spine, and foot deformities.  (AR 14.)  Notwithstanding these impairments, the ALJ assessed Plaintiff with a reduced range of light work RFC.  (AR 14-15.)  The ALJ also determined that Plaintiff could perform her past relevant work as a telephone solicitor (AR 18) and a full range of other alternative sedentary jobs in the national economy (AR 19, 20).  Consequently, the ALJ concluded that Plaintiff was not disabled from the alleged onset date of May 1, 2014, through the date of decision on February 27, 2018.  (AR 20.)

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause the alleged symptoms.  (AR 15.)  The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of these symptoms were "not entirely consistent" with the medical evidence and other evidence of record.  (AR 15.)  Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's subjective symptom allegations.  Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d at 1035, 1039-40 (9th Cir. 2008).  The ALJ did so.

First, the ALJ found that Plaintiff's subjective allegations were inconsistent with the objective medical evidence.  (AR 15-16, 17, 18.)  An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's credibility.  Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005).  Plaintiff had bunionectomies on both feet but appeared to heal "without any problems."  (AR 16.)  She healed well and had no complaints per several medical visits.  (AR 17.)  There is little evidence of treatment of her foot impairments in 2016 and 2017.  (AR 16, 17.)  With respect to Plaintiff's knees, there was only mild medial joint space narrowing and no

evidence of joint instability. (AR 17.) With respect to her spine, MRIs showed only mild degenerative changes and some advanced degenerative disc disease. (AR 17.) The ALJ gave weight to the opinion of the State agency reviewing physician that Plaintiff can perform light work. (AR 15.) The ALJ found this opinion consistent with the "generally minimal objective findings." (AR 16.) Plaintiff does not present any medical opinions challenging the ALJ's RFC, nor any meaningful argument that the objective medical evidence does not support the ALJ's RFC.

Second, the ALJ found that Plaintiff's minimal or conservative treatment was inconsistent with Plaintiff's alleged symptoms. (AR 17, 18.) Conservative treatment is a valid basis for discounting a claimant's subjective symptom allegations. Tommasetti, 533 F.3d at 1039-40. The Commissioner notes that Plaintiff chose epidural injections over surgery. (AR 18.) Injections, however, are not considered conservative treatment. See Arthur C. v. Saul, 2019 WL 5420445, at *4 (C.D. Cal. Oct. 23, 2019) (collecting cases); Garrison v. Colvin, 759 F.3d 995, 1015 n.20 (9th Cir. 2014) ("[W]e doubt that epidural steroid shots to the neck and lower back qualify as 'conservative' medical treatment"). Here, however, there were but two injections in April and June 2016. (AR 18, 474, 477.) These two close in time injections do not alter the fact that Plaintiff's overall treatment on the whole was conservative. Cuellar v. Saul, 2020 WL 1234187, at *5 (C.D. Cal. Mar. 13, 2020).

Third, the ALJ found that Plaintiff did not always follow treatment recommendations. (AR 18.) An ALJ may consider an unexplained or inadequately explained failure to seek treatment or follow a treatment regimen in evaluating subjective symptoms. Tommasetti, 533 F.3d at 1039. Here, the ALJ noted that Plaintiff delayed X-rays and was not using the Richie brace as required for treatment of her right ankle. (AR 16, 18, 394.) She came back for a treatment visit in two weeks rather than one week as she was supposed to do. (AR 16, 18.)[1]

---

[1] The ALJ also found that Plaintiff was inconsistent in reporting on smoking and vaping. The issue is fairly minor and insufficient to establish that Plaintiff's subjective symptoms regarding her medical impairments were not credible. The ALJ implicitly agrees. (JS 14.) Nonetheless, the error is harmless because the ALJ provided other valid reasons for discounting Plaintiff's subjective symptom allegations. Carmickle v. Comm'r Soc. Sec. Admin., 533 F.3d 1155, 1162-63

Plaintiff disagrees with the ALJ's evaluation of the evidence, but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857; Thomas, 278 F.3d at 954 ("Where the evidence is susceptible to more than rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

The ALJ discounted Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence. The ALJ's RFC is supported by substantial evidence.

## II. PLAINTIFF IS CAPABLE OF PERFORMING PAST RELEVANT WORK OR ALTERNATIVE JOBS IN THE NATIONAL ECONOMY

The ALJ assessed Plaintiff with a reduced range of light work RFC. (AR 14.) She can stand and walk for 4 hours in an 8 hour workday and sit for 6 hours. (AR 14.) With the above RFC, the ALJ determined at step four of the sequential process that Plaintiff can perform her past relevant work as a telephone solicitor (DOT 299.357-014), which is sedentary skilled work. (AR 18.) The ALJ also found that there are other jobs in the national economy she can perform. (AR 19.) Thus, at step five of the sequential process the ALJ found that Plaintiff could perform the job of cashier movie theater (DOT 211.462-010), which is light semi-skilled work. (AR 20.)

Plaintiff challenges whether the telephone solicitor job can be performed within the ALJ's RFC. Based on online vocational data, Plaintiff contends that the job requires sitting continually, more than the six hours the ALJ's RFC permits. The Court rejects this argument, which is contradicted by Social Security rulings, Social Security regulations, the Dictionary of Occupational Titles ("DOT"), Ninth Circuit rulings, and the VE's assessment. Social Security Ruling 83-10[*5] provides that for sedentary jobs sitting should generally total 6 hours of an 8 hour workday with periods of standing and walking no more than 2 hours. SSR 83-10 is

---

(9th Cir. 2008).

9

consistent with Social Security regulations, which also provide that "[j]obs are sedentary if walking and standing are required only occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a). The regulations further provide that terms such as "sedentary" have the same meaning as they have in the DOT. 20 C.F.R. § 404.1567. The DOT states that sedentary jobs involve sitting most of the time and that jobs are sedentary if walking and standing are required only "occasionally" (up to 1/3 of the time for an 8 hour day). DOT, App. C, 1991 WL 688702 (Jan. 1, 2016).

The Ninth Circuit has confirmed these requirements. Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (sitting should generally total approximately 6 hours of an 8 hour workday). The telephone solicitor job fits within the above parameters. DOT 299.357-014. Despite Plaintiff's contention that the telephone solicitor job may require more than six hours sitting, the DOT code for the job contains the same requirements as above, i.e., that walking and standing are required only occasionally, which would leave 6 hours for sitting. Plaintiff also does not consider breaks, other duties, and the fact that telephone solicitation calls could be made standing rather than sitting.

The VE, moreover, testified that Plaintiff can perform the job as generally performed per the DOT within the RFC, including the limitation to six hours sitting. (AR 60.) Plaintiff does not identify any conflict between the VE's testimony and the DOT. The VE is not required to address conflicts with vocational data other than the DOT. The VE's recognized expertise provides the necessary foundation for his or her testimony and "no additional foundation is necessary". Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005). The ALJ's determination that Plaintiff can perform her past relevant work as a telephone solicitor as that job is generally performed is supported by substantial evidence. Plaintiff failed to meet her burden to demonstrate she cannot perform her past relevant work as a telephone solicitor.

Based on the testimony of the VE (AR 60-61), the ALJ also found at step five of the sequential evaluation that Plaintiff could perform the job of cashier movie theater (DOT 211.426-010). (AR 20.) Because the ALJ's RFC imposes a four hour limit on standing and walking, the VE eroded the job numbers by 90%, which still left 32,000 jobs nationally. See

Gutierrez v. Colvin, 740 F.3d 519, 527-29 (9th Cir. 2014) (25,000 jobs nationally is a significant number). Plaintiff contends that the Bureau of Labor Statistics' data shows that cashiers stand and walk more than 4 hours, but the VE took that into consideration when eroding the job category by 90%.

Plaintiff, moreover, never addresses the ALJ's step five determination that she can do "a generally full range of unskilled sedentary jobs." (AR 20.) As an example, the VE testified that Plaintiff would be able to perform the sedentary, unskilled job of lens installer (DOT 713.687-026). (AR 61.) This occupation is available nationally at the rate of 105,000 jobs. (AR 61.) This alone is a significant number of jobs. Plaintiff makes no challenge to the VE's testimony as to this occupation. Therefore, any error in the VE's testimony regarding the telephone solicitor or cashier occupations would be harmless. Carmickle, 533 F.3d at 1162-63.

Accordingly, the ALJ's step five finding that there are significant jobs in the national economy that Plaintiff can perform (AR 19-20) is supported by substantial evidence.

\* \* \*

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: June 22, 2020

                    */s/ John E. McDermott*
                    JOHN E. MCDERMOTT
                UNITED STATES MAGISTRATE JUDGE